UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-10381MEL

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
                                    )
GREGORY GENDREAU and                )
AYSHIA STEPHENSON                   )
      Plaintiffs                    )
                                    )
v.                                  )
                                    )
TOBIAS STAPLETON                    )
      Defendant                     )
                                    )
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT, TOBIAS STAPLETON'S, OPPOSITION TO
MOTION FOR REAL ESTATE ATTACHMENT PURSUANT TO
U.S. DISTRICT COURT LOCAL RULE 7.1(B)(2)**

Now comes the Defendant in the above entitled matter and
hereby opposes the Plaintiff's Motion for Real Estate Attachment
and assigns as reasons therefore the following:

1.    The Defendant, Tobias Stapleton, is the owner of real
estate located at 233 Gano Street in Providence, Rhode Island.

2.    Under Rhode Island General Laws 9-26-4.1, Homestead
Estate Exemption, an owner of real estate who uses said home as
his principal residence has an automatic homestead exemption in
the amount of $150,000.00. (See copy of the law attached hereto
and incorporated by reference)

3.    The defendant purchased the above property in the year
2003, for $171,000.00.

4.    The Defendant currently owes on that property
approximately $123,882.00. (See copy of bank statement attached
hereto and incorporated by reference)

5.    There is approximately $50,000.00 in equity in the
Defendant's home and therefore all of that equity would be
protected by the Homestead Exemption.

6.    There is no rational basis to place an attachment on the real estate when the equity in the real estate is completely protected.

WHEREFORE the Motion for Real Estate Attachment should be denied.

Defendant, by his Attorney

John T. Murray, Esquire
BBO #364680
Law Offices of
Aleixo and Murray, P.C.
12 Taunton Green, Suite 204
Post Office Box 4008
Taunton, MA 02780
(508) 823-4561

07/21/04   NOTICE OF PAYMENT DUE      2071

A LATE CHARGE WILL BE ASSESSED IF
YOUR PAYMENT IS NOT RECEIVED WITHIN
15 DAYS OF THE DUE DATE.

```
LOAN NUMBER:    16-926565-3
REGULAR PYMT:         853.39
    DUE DATE:        7/01/04
  CIF NUMBER:      022685701
PRINCIPAL DUE:        321.61
INTEREST DUE:       1,031.19
  ESCROW DUE:         353.98
     OPT DUE:            .00
LATE CHG DUE:            .00

TOTAL AMOUNT DUE:     1,706.78
```

TOBIAS M STAPLETON
233 GANO ST
PROVIDENCE, RI 02906

CITIZENS-UNION SAVINGS BANK
4 SOUTH MAIN STREET
P O BOX 1311
FALL RIVER MA   02722

PLEASE DETACH AND RETURN WITH PAYMENT

---

CITIZENS-UNION SAVINGS BANK          RETAIN THIS PORTION FOR YOUR RECORDS

LOAN NUMBER:  16-926565-3
PROPERTY ADDR:
233 GANO ST                          BILLING DATE:           7/21/04
PROVIDENCE RI 02906
REGULAR PYMT:      853.39             PRINCIPAL DUE:           321.61
CURRENT RATE*:      5.000%            INTEREST DUE:          1,031.19
DUE DATE:          7/01/04            ESCROW DUE:              353.98
MATURITY DATE:     4/01/33            OPT DUE:                    .00
                                      LATE CHG DUE:               .00
INT PAID YTD:    3,109.43
TAX PAID YTD:    1,047.76             TOTAL AMOUNT DUE:      1,706.78
INS PAID YTD:        .00

*CURRENT RATE OF INTEREST ACCRUAL.  LOANS TO WHICH REGULATION Z APPLIES
SHOULD REFER TO DISCLOSURE STATEMENT FOR ORIGINAL ANNUAL PERCENTAGE RATE.

| DATE | CODE DESCRIPTION AMOUNT | OPT LATE CHG | ESCROW INTEREST | PRINCIPAL SUSP/FEES |
|---|---|---|---|---|
| 06/21/04 | BEGINNING BALANCES | .00 | 555.39 | 123,882.03 |
| 07/08/04 | 211 REG PAYMENT 853.39 | .00 .00 | 176.99 515.93 | 160.47- .00 |
| 07/19/04 | 803 DB CORRECTION 853.39+ | .00 .00 | 176.99- 515.93- | 160.47 .00 |
| 07/21/04 | ENDING BALANCES | .00 | 555.39 | 123,882.03 |

Case 1:04-cv-10381-MEL    Document 12    Filed 08/20/2004    Page 4 of 7

# CHAPTER 226
## 2002-H 7121A
### Enacted 06/28/2002

## A N   A C T

## RELATING TO PROPERTY - HOMESTEAD EXEMPTION

**Introduced By: Representatives Hogan, Schadone, and Lally**
**Date Introduced: January 31, 2002**

It is enacted by the General Assembly as follows:

SECTION 1. Section 9-26-4.1 of the General Laws in Chapter 9-26 entitled "Levy and Sale on Execution" is hereby amended to read as follows:

9-26-4.1. Homestead estate exemption. – In addition to the property exempt from attachment as set forth in section 9-26-4, an estate of homestead to the extent of one hundred fifty thousand dollars ($150,000) in the land and buildings may be acquired pursuant to this section by an owner or owners of a home or one or all who rightfully possess the premise by lease or otherwise, and who occupy or intend to occupy said home as a principal residence. The estate of homestead provided hereunder shall be automatic by operation of law, and without any requirement or necessity for the filing of a declaration, a statement in a deed, or any other documentation. Said estate shall be exempt from the laws of attachment, levy on execution and sale for payment of debts or legacies except in the following cases:

(1) sale for taxes, sewer liens, water liens, lighting district assessments and fire district assessments;

(2) for a debt contracted prior to the acquisition of said estate of homestead;

(3) for a debt contracted for the purchase of said home;

(4) upon an order issued by the family court to enforce its judgment that a spouse pay a certain amount weekly or otherwise for the support of a spouse or minor children;

(5) where a building or buildings are situated on land not owned by the owner of a homestead estate are attached, levied upon or sold for the ground rent of the lot upon which the building or buildings are situated.

(6) for a debt due to, or a lien in favor of, the department of human services and/or the state of Rhode Island for reimbursement of medical assistance, as provided for in section 40-8-15;

(7) For a debt heretofore or hereafter owing to a federally insured deposit taking institution or a person regulated or licensed under title 19.

For the purposes of this section, an owner of a home shall include a sole owner, joint tenant, tenant by the entirety or tenant in common; provided, that only one owner may acquire an estate of homestead in any such home for the benefit of his or her family; and provided further, that an estate of homestead may be acquired on only one principal residence for the benefit of a family. For the purposes of this section, the word "family" shall include either a parent and child or children, a husband and wife and their

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-10381MEL

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| GREGORY GENDREAU and<br>AYSHIA STEPHENSON<br>Plaintiffs | )<br>)<br>)<br>)<br>) |
| v. | )<br>) |
| TOBIAS STAPLETON<br>Defendant | )<br>)<br>)<br>) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## AFFIDAVIT IN SUPPORT OF DEFENDANT'S OPPOSITION TO
## MOTION FOR REAL ESTATE ATTACHMENT

I, Tobias Stapleton, under the pains and penalties of perjury state as follows:

1.   I am the Defendant in the above entitled matter.

2.   I am the owner of the property at 233 Gano Street, Providence, Rhode Island.

3.   I purchased the above property in the year 2003 for $171,000.00.

4.   I still owe the Citizen's Union Savings Bank $123,882.00, according to my last bank statement.

5.   I believe the current market value of my house is not significantly higher than the purchase price I paid in 2003.

6.   I believe that all of the equity in my home is protected by the Homestead Estate Exemption.

7.   Should this matter go to trial and there is an excess judgment over my insurance company policy limit of $100,000.00, which has already been offered to Gregory Gendreau, I intend to file a Petition in Bankruptcy in the United States Bankruptcy Court.

Signed and sworn to under the pains and penalties of perjury this 19th Day of August, 2004.

_____   _____
Tobias Stapleton

CERTIFICATE OF SERVICE

The undersigned on behalf of counsel for the Defendant hereby certifies that service of the foregoing **DEFENDANT, TOBIAS STAPLETON'S, OPPOSITION TO MOTION FOR REAL ESTATE ATTACHMENT PURSUANT TO U.S. DISTRICT COURT LOCAL RULE 7.1(B)(2); AFFIDAVIT IN SUPPORT OF DEFENDANT'S OPPOSITION TO MOTION FOR REAL ESTATE ATTACHMENT**, were given this day by faxing same and by mailing, postage prepaid, a copy of same to counsel for the Plaintiff:

Francis M. O'Boy, Esquire
41 Harrison Street
Taunton, MA 02780

Signed under the penalties of perjury August 19, 2004.

Law Offices of Aleixo & Murray P.C.
12 Taunton Green, Suite 204
Post Office Box 4008
Taunton, MA 02780
(508) 823-4561